# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ProAir Holdco, LLC, et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-11194 -LSS<br><br>(Jointly Administered)<br><br>Re: Docket Item 34 (Case No. 22-11196);<br>Docket Item 32 (Case No. 22-11198) |

## ORDER (A) AUTHORIZING THE REJECTION OF UNEXPIRED LEASES; (B) AUTHORIZING THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, AND (II) GRANTING RELATED RELIEF

Upon consideration of (I) the *Chapter 7 Trustee's Omnibus Motion Seeking Entry of an Order (A) Authorizing the Rejection of Unexpired Leases and (B) Authorizing Abandonment of Certain Personal Property, and (C) Granting Related Relief* (the "Motion"); (II) the *Certificationn of Counsel* regarding the Motion filed at D.I. 21 (Case No. 22-11194); (III) the *Stipulation Rejecting and Terminating Leases and Waiving Administrative Expense Claims Related Thereto by and between (i) Jeoffrey L. Burtch, Chapter 7 Trustee of the estates of the above-captioned debtors, (ii) 6630 East Hwy 114, LLC, and (iii) 1641 East Pine, LLC* (the "TX/OK Stipulation"); and (IV) the *Stipulation Rejecting and Terminating Lease and Waiving Administrative Expense Claims Related Thereto by and between Jeoffrey L. Burtch, Chapter 7 Trustee of the estates of the above-captioned debtors and Hunsaker Family Trust* (the "Riverside Stipulation"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): ProAir Holdco, LLC (22-11194-LSS), ProAir Intermediate Holdco, LLC (22-11195-LSS), ProAir LLC (22-11196-LSS), American Cooling Technology, LLC (22-11197-LSS), Bus Air, LLC (22-11198-LSS), Evans Tempcon Delaware, LLC (22-11199-LSS).

U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were sufficient and no other notice need be provided; and this Court having reviewed the Motion and having had the opportunity for hearing (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Each of the Leases set forth on Exhibit 1 attached hereto (the "Exhibit 1 Leases") is rejected, with such rejection being effective as of the Petition Date.

3. The Trustee is authorized to abandon the Personal Property, if any, that may be located on the premises of the Exhibit 1 Leases.

4. The TX/OK Stipulation attached hereto as Exhibit 2 is APPROVED. The Texas Lease and the Tulsa Lease are rejected effective as of the date of entry of this Order. The Landlords of the Texas Lease and the Tulsa Lease shall permit the Trustee reasonable access to the subject properties for sixty (60) days from the date of entry of this order for the limited purposes of storage, retrieval and disposition of the Remaining Estate Property as that term is defined in the TX/OK Stipulation. The Landlords of the Texas Lease and the Tulsa Lease shall further reasonably cooperate with the Trustee and any third party with respect to the retrieval of property owned by such third party with the consent of the Trustee that remains on the subject properties. Furthermore,

the Landlords of the Texas Lease and the Tulsa Lease waive and release any and all administrative expense claims arising under the Leases under 11 U.S.C. §§ 365(d)(3) and 503(b)(1) for unpaid post-petition rent under the Leases or storage of the Remaining Estate Property from the Petition Date through the Disposition Period.

5. The Riverside Stipulation attached hereto as Exhibit 3 is APPROVED. The Riverside Lease is rejected and terminated effective as of the date of entry of this Order and possession is returned to the Riverside Landlord without the need for further state court action to regain possession. If the Riverside Landlord enters into any License Agreement or Occupancy Agreement with respect to the subject property of the Riverside Lease, the Riverside Landlord shall not interfere with any access granted to the Trustee by Berkshire Bank, provided that at the termination of the License Agreement any personal property will be deemed abandoned and the Riverside Landlord will have the unfettered right to dispose of such abandoned property without any further obligation to the Trustee or any third parties. Furthermore, the Riverside Landlord waives and releases any and all administrative expense claims arising under the Leases under 11 U.S.C. §§ 365(d)(3) and 503(b)(1) for unpaid post-petition rent under the Leases or storage of the Remaining Estate Property from the Petition Date through the expiration of any License Agreement or Occupancy Agreement in place between the Riverside Landlord and Berkshire Bank.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against the Estates; (b) a waiver of any party's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an admission that any particular claim is of a type specified or defined in this Order or the Motion;

(e) a request or authorization to assume any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (f) a waiver or limitation of any party's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by any party that any liens (contractual, common law, statutory, or otherwise) are valid, perfected, or not subject to avoidance.

7. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract or lease pursuant to Section 365 of the Bankruptcy Code.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 2002 and 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

*[Signature]*

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY** JUDGE

Dated: December 30, 2022
**Wilmington, Delaware**

# EXHIBIT 1

## Schedule of Leases to be Rejected

| Counterparty/Landlord Address | Lease Description |
|---|---|
| Eberhardt & Barry Property Management Co.<br>990 Riverside Drive<br>Macon, GA 31201 | Fort Valley Building Lease |
| TransArctic<br>6444 S 57th West Ave.<br>Tulsa, OK 74131 | Fort Valley Building Sublease |
| S&L Enterprise<br>P.O. Box 2423<br>Santa Ana, CA 92707 | York Building Lease |
| Covington Commercial Park South, LLC<br>1053 Front Street<br>Conway, AR 72032 | Conway Building Lease<br>(month-to-month) |

# EXHIBIT 2

# TX/OK Stipulation

**(Stipulation)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ProAir Holdco, LLC, et al.,[1] | Case No. 22-11194 -LSS |
| Debtor. | (Jointly Administered) |

## STIPULATION REJECTING AND TERMINATING LEASES AND WAIVING ADMINISTRATIVE EXPENSE CLAIMS RELATED THERETO

WHEREAS, 6630 East Hwy 114, LLC and debtor Bus Air, LLC are parties to a lease for commercial real property located on 6630 East Highway 114, Rhome, Texas, 76078, Tract 11 A-743 SMITHCSL A0743-0039-01 (the "Texas Lease");

WHEREAS, 1641 East Pine, LLC and debtor Bus Air, LLC are parties to a lease for commercial real property located at 1641 E Pine St., Tulsa, OK 74103, (LTS 8 thru 13 & E79.5 LTS 15 & 16 VAC ALLEY ADJ THERETO BLK 3 PARCEL 13000-03-30-10030) (the "Tulsa Lease" together with the Texas Lease, the "Leases," and the parcels leased the "Leased Property"); and

WHEREAS, as of the date of the filing of the Debtors' petitions, the Debtors' had certain property, including but not limited to certain machinery, equipment, intellectual property, vehicles and books and records (the "Remaining Estate Property") stored at the Leased Property which the Trustee intends to retrieve, market and/or liquidate as part of his administration of the bankruptcy estates;

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): ProAir Holdco, LLC (22-11194-LSS), ProAir Intermediate Holdco, LLC (22-11195-LSS), ProAir LLC (22-11196-LSS), American Cooling Technology, LLC (22-11197-LSS), Bus Air, LLC (22-11198-LSS), Evans Tempcon Delaware, LLC (22-11199-LSS).

WHEREAS, the chapter 7 trustee for the estates of the above-captioned Debtors (the "Trustee") and the Landlords desire the immediate rejection and termination of the Leases, which are burdensome to the chapter 7 estates; and

IT IS HEREBY STIPULATED AND AGREED, by and between the Trustee and 6630 East Hwy 114, LLC; and 1641 East Pine, LLC (collectively, the "Landlords"), by and through their respective counsel, subject to the approval of the Court, that the Leases are rejected and terminated effective immediately and upon entry of an Order approving this Stipulation; and

IT IS FURTHER STIPULATED AND AGREED that the Landlords will permit reasonable access to the Leased Property for sixty (60) days from the date of entry of an order approving this Stipulation (the "Disposition Period") for the limited purposes of storage, retrieval and disposition of the Remaining Estate Property; and

IT IS FURTHER STIPULATED AND AGREED that the Landlords shall reasonably cooperate with the Trustee and any third party with respect to the retrieval of property owned by such third party with the consent of the Trustee; and

IT IS FURTHER STIPULATED AND AGREED that upon the rejection of the Leases, the Landlords waive and release any and all claims pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1) for unpaid post-petition rent under the Leases or storage of the Remaining Estate Property from the Petition Date through the Disposition Period.

Dated: December 29, 2022

| **COOCH AND TAYLOR, P.A.**<br><br>*/s/R. Grant Dick*<br>R. Grant Dick IV (No. 5123)<br>1007 N. Orange Street, Suite 1120<br>Wilmington, DE 19801<br>Telephone: (302) 984-3800<br>Facsimile: (302) 984-3989<br>Email: gdick@coochtaylor.com<br><br>*Counsel to the Landlords* | **COZEN O'CONNOR**<br><br>*/s/ Gregory F. Fischer*<br>Gregory F. Fischer (No. 5269)<br>1201 North Market Street, Suite 1001<br>Wilmington, DE 19801<br>Telephone: (302) 295-2000<br>gfischer@cozen.com<br><br>*Proposed Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee* |
|---|---|
| **OF COUNSEL:**<br>Casey Griffith, Esq.<br>Tina Wysk, Esq.<br>Griffith Barbee PLLC<br>1722 Routh St., Ste. 710<br>Dallas, TX 75201<br>Phone: 214-446-6022<br>casey.griffith@griffithbarbee.com<br>tina.wysk@griffithbarbee.com | |

# EXHIBIT 3

## Riverside Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>ProAir Holdco, LLC, et al.,[1]<br>Debtor. | Chapter 7<br>Case No. 22-11194 -LSS<br>(Jointly Administered) |

## STIPULATION REJECTING AND TERMINATING LEASE AND WAIVING ADMINISTRATIVE EXPENSE CLAIMS RELATED THERETO

WHEREAS, Hunsaker Family Trust ("Landlord") and debtor ProAir Holdco, LLC are parties to a lease (the "Lease") for commercial real property located at 12151 Madera Way, Riverside, California, 92503 (the "Leased Property"); and

WHEREAS, as of the date of the filing of the Debtors' petitions (the "Petition Date"), the Debtors' had certain property, including but not limited to certain machinery, equipment, intellectual property, vehicles and books and records (the "Remaining Estate Property") stored at the Leased Property which the chapter 7 trustee for the estates of the above-captioned Debtors (the "Trustee") intends to retrieve, market and/or liquidate as part of his administration of the bankruptcy estates;

WHEREAS, the Trustee and Landlord desire the immediate rejection and termination of the Lease, which is burdensome to the chapter 7 estates; and

IT IS HEREBY STIPULATED AND AGREED, by and between the Trustee and Landlord, by and through their respective counsel, subject to the approval of the Court, that the Lease is rejected and terminated with possession being returned to Landlord without the need for

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): ProAir Holdco, LLC (22-11194-LSS), ProAir Intermediate Holdco, LLC (22-11195-LSS), ProAir LLC (22-11196-LSS), American Cooling Technology, LLC (22-11197-LSS), Bus Air, LLC (22-11198-LSS), Evans Tempcon Delaware, LLC (22-11199-LSS).

further state court action effective immediately and upon entry of an Order approving this Stipulation; and

IT IS FURTHER STIPULATED AND AGREED that, should Berkshire Bank enter into a License Agreement or Occupancy Agreement with Landlord upon entry of this Order that the Landlord will not object to, or interfere with any arrangement between Berkshire Bank and Trustee during the term of any such Occupancy Agreement while Berkshire Bank remains in possession of the Leased Property. Provided further that upon the expiration of any License or Occupancy Agreement between Berkshire Bank and Landlord any property remaining shall vest solely with Landlord to be disposed of as Landlord sees fit and without any rights being retained by Trustee; and

IT IS FURTHER STIPULATED AND AGREED that upon the rejection of the Lease, Landlord waives and releases any and all claims pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1) for unpaid post-petition rent under the Lease or storage of the Remaining Estate Property from the Petition Date through the expiration of any License Agreement or Occupancy Agreement in place between Landlord and Berkshire Bank.

Dated: December 29, 2022

| **MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A.**<br><br>/s/ Rachel B. Mersky<br>Rachel B. Mersky<br>1201 N. Orange Street, Suite 400<br>Wilmington, DE 19801<br>rmersky@monlaw.com<br><br>*Counsel to Hunsaker Family Trust* | **COZEN O'CONNOR**<br><br>/s/ Gregory F. Fischer<br>Gregory F. Fischer (No. 5269)<br>1201 North Market Street, Suite 1001<br>Wilmington, DE 19801<br>Telephone: (302) 295-2000<br>gfischer@cozen.com<br><br>*Proposed Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee* |

2