# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ProAir Holdco, LLC, *et al.*,[1] | Case No. 22-11194 -LSS |
| Debtors. | **Re: Docket No. 28** |

## ORDER: (A) APPROVING ASSET PURCHASE AGREEMENT; (B) AUTHORIZING SALE OF ESTATE ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) and (f); AND (C) GRANTING RELATED RELIEF

Upon the *Trustee's Motion for Entry of Order (A) Approving Asset Purchase Agreement; (B) Authorizing Sale of Estate Assets Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); and (B) Granting Related Relief* (the "Motion")[2] filed by Jeoffrey Burtch (the "Trustee"), the chapter 7 trustee in the bankruptcy cases (the "Bankruptcy Cases") of the above-captioned debtors (the "Debtors"), seeking entry of an order, pursuant to sections 105(a) and 363 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code")), Rules 2002, 6004, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) authorizing and approving the sale of certain assets of the Debtors free and clear of all liens, claims, encumbrances, and interests pursuant to the terms of the Asset Purchase Agreement attached as Exhibit 1 to this order (the "APA"); and (ii) granting related relief; and upon the record of this Bankruptcy Case; and it appearing that the relief requested in

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses)**:** ProAir Holdco, LLC (22-11194-LSS), ProAir Intermediate Holdco, LLC (22-11195-LSS), ProAir LLC (22-11196-LSS), American Cooling Technology, LLC (22-11197-LSS), Bus Air, LLC (22-11198-LSS), Evans Tempcon Delaware, LLC (22-11199-LSS).

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion is in the best interests of the Debtors' estates (the "Estates"), and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such.

**Jurisdiction, Final Order, and Predicates for Relief**

C.      The Court has jurisdiction to hear and decide the Motion, and exclusive *in rem* jurisdiction over property of the Estates, pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rule 6004(h), and to the extent necessary under Bankruptcy Rule 9014, the Court expressly finds that there is no reason for delay in the implementation of this Order, and expressly directs that this Order be effective immediately upon entry.

E.      The statutory and procedural predicates for the relief requested in the Motion are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, and 9014, and Local Rules 2002-1, and 6004-1.

**Notice of the Motion and Hearing**

F.     The disclosures made by the Trustee in the Motion regarding the proposed sale were and are adequate under the applicable Bankruptcy Rules and Local Rules.

G.     It appearing from the certificate of service of the Motion that actual written notice of the Motion, Hearing, and the deadline for objections to the Motion and submission of Competing Bids has been afforded to the following parties (the "Notice Parties"): (a) the Office of the United States Trustee; (b) counsel for Debtors; (c) counsel for the Buyer; (d) any creditors identified as secured in the Debtors' schedules; (e) all taxing authorities identified in the Debtors' schedules; (f) all creditors that have filed proofs of claims; (g) all parties known to the Trustee to have expressed any interest in purchasing any assets of the Estates; and (h) all parties in interest who requested notice pursuant to Bankruptcy Rule 2002.

H.     Notice of the Motion was proper, timely, adequate, and sufficient under the circumstances, was provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, and no other or further notice is required.

**Satisfaction of Standards for Approval of Sale Free and Clear**

I.     There is a sound business purpose for the sale of the Purchased Assets to Buyer by the Trustee outside of the ordinary course of business.

J.     The consideration to be paid by Buyer pursuant to the APA: (i) is fair and reasonable; (ii) is the highest and best offer for the Purchased Assets; and (iii) constitutes reasonably equivalent value and fair consideration.

K.     Consummation of the transactions contemplated in the APA will provide the highest and best value for the Purchased Assets, and is in the best interests of the Estates.

LEGAL\61297288\1

L. The decision to enter into the APA and consummate the transactions contemplated thereunder was based on sound business judgment, in compliance with the Trustee's fiduciary duties.

M. The transactions contemplated under the APA were negotiated at arm's length, without collusion, and in good faith for purposes of section 363(m) of the Bankruptcy Code. Buyer is not affiliated with the Debtors, any of the Debtors' insiders, or the Trustee. Buyer is a good faith purchaser and is therefore entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

N. The Trustee and Buyer have not engaged in any conduct that would permit the APA or any transaction contemplated thereunder to be avoided under section 363(n) of the Bankruptcy Code.

O. The consummation of the sale pursuant to the APA will be a legal, valid, and effective sale of the Purchased Assets, and will vest Buyer with all right, title, and interest of the Estates in and to the Purchased Assets free and clear of all claims, liens, encumbrances, liabilities, and other interests, (collectively, "Interests").

P. With respect to any party asserting any Interest in the Purchased Assets, the sale complies with at least one of the requirements of section 363(f) of the Bankruptcy Code, and with respect to each Interest in the Purchased Assets: (a) applicable non-bankruptcy law permits the sale free and clear of such Interest; (b) the holder of such Interest has consented to the sale; (c) such Interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the Purchased Assets; (d) such Interest is the subject of a bona fide dispute; or (e) the holder of such Interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest.

Q. Any party with any Interest in the Purchased Assets who did not object to the

Motion, or who withdrew its objection to the Motion, is deemed to have consented to the sale pursuant to section 363(f)(2).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     All objections and responses to the Motion, if any, are hereby resolved in accordance with the terms of this Order.  To the extent such objections or responses were not otherwise overruled, withdrawn, waived, settled, or resolved, they, and all reservations of rights included therein, are hereby overruled and denied.

3.     The APA and all transactions contemplated thereunder are approved in all respects pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

4.     The Trustee is authorized to perform his obligations under, and consummate the transactions contemplated by the APA and all other agreements and documents related to and contemplated thereby, and to take such other actions as are necessary or appropriate to effectuate such transactions.

5.     Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Purchased Assets shall be free and clear of all Interests.

6.     No later than five (5) business days after the Closing and full receipt of the Purchase Price in collected funds, the Trustee shall pay the following amounts from the sale proceeds:

> a. $455,262.94 to Crystal Financial SBIC LP in full and final satisfaction of any and all Interest(s) that Crystal Financial SBIC LP may have in the Purchased Assets;[3] and

---

[3] For the avoidance of doubt, upon receipt of its share of the Purchase Price, Crystal shall have an unsecured claim in the amount of any deficiency in its claim against the Estates, which shall share pro rata in any distribution to general unsecured creditors.

b. $262,000.00 to Trumpf, Inc. in full and final satisfaction of any and all Interest(s) that Trumpf, Inc. may have in the Purchased Assets.

7. Notwithstanding anything to the contrary in this Order, the Motion, or the APA, the liens securing payment of the 2021 and 2022 ad valorem property taxes owed to Wise County, Texas and Northwest ISD, Texas shall attach to the sale proceeds in the same order of priority that such liens have on the Purchased Assets. Upon Closing, the Trustee is hereby authorized to immediately pay from the sale proceeds[4] the 2022 ad valorem property tax claim of Wise County in the amount of $11,628.56 and the 2021-2022 ad valorem property tax claim of Northwest ISD in the amount of $81,775.17, which payments shall be in full satisfaction of such claims.

8. After payment of the claims referenced in the preceding paragraphs 6 and 7, the Estate of ProAir, LLC shall retain the balance of the cash proceeds of the sale of the Purchased Assets free and clear of all Interests.

9. Upon the Closing, the Purchased Assets shall vest in Buyer free and clear of Interests to the maximum extent permitted by section 363(f) of the Bankruptcy Code; *provided, however,* that, up to and until March 15, 2023, Buyer shall afford Crystal Financial SBIC LP and Berkshire Bank and their respective designees access to the Purchased Assets as is reasonably necessary for the duplication and preservation of the Debtors' books and records and electronic data (the "Preserved Records"). Berkshire Bank and Crystal Financial SBIC LP shall provide Buyer with access to complete copies of any electronic Preserved Records and shall cooperate with Buyer on the scope and costs of preservation. Nothing in this Order shall permit Berkshire Bank or Crystal Financial SBIC LP to use the Preserved Records for any purpose other than the

---

[4] The Trustee, Berkshire Bank, and Crystal Financial SBIC LP have agreed to bear responsibility for the 2021 and 2022 taxes as follows: (i) the Estates shall pay $20,000.00; (ii) Crystal Financial SBIC LP shall pay $28,403.73; and (iii) Berkshire Bank shall pay $45,000.00.

LEGAL\61297288\1

administration of their respective collateral and financial reporting and any other use shall be strictly prohibited pursuant to this Order. Any costs associated with the duplication and preservation of the Preserved Records as set forth in this paragraph shall be borne in equal parts by Crystal Financial SBIC LP, the Estates, and Berkshire Bank; *provided, however,* that the parties' respective shares of such costs shall not exceed $5,400.00 except as otherwise agreed to by the parties or as provided by Court Order.

10.     Buyer shall be deemed a good faith purchaser and shall therefore be entitled to the benefits and protections afforded by section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Purchased Assets shall not affect the validity of the sale of the Purchased Assets to Buyer.

11.     The consideration provided by Buyer for the Purchased Assets under the APA is fair and reasonable, and the sale of the Purchased Assets shall not be subject to avoidance under section 363(n) of the Bankruptcy Code.

12.     The failure specifically to include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.  In the event of a conflict between this Order and the APA, this Order shall control.

13.     The Trustee is transferring the Purchased Assets "as is and where is" and the Trustee makes no, and disclaims any, representation or warranty to Buyer or any other party with respect to the APA or any of the transactions contemplated by the APA, including, without limitation, the extent to which the Estates have any right or interest in any of the Purchased Assets, any warranty of merchantability or fitness for a particular purpose, or any other warranty or representation regarding the Purchased Assets or the APA.

LEGAL\61297288\1

14. The Trustee shall have no liability for any actions taken by Buyer or any other party with respect to any transactions contemplated under the APA, or arising out of or related to any use or sale of the Purchased Assets after the Closing Date.

15. Pursuant to Federal Rules of Bankruptcy Procedure 7062, 9014, and 6004(h), this Order shall be effective immediately upon entry and the Trustee and Buyer are authorized to close the sale under the APA immediately upon entry of this Order.

16. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Estates.

17. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee is party, and to adjudicate, if necessary, any and all disputes or actions concerning or relating in any way to the sale.

**Dated: January 31st, 2023**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**