IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ProAir Holdco, LLC, et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-11194 -LSS<br><br>**Objection Deadline: March 9, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: March 16, 2023 at 11:00 a.m. (ET)** |

**APPLICATION OF JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE TO
RETAIN AND COMPENSATE TODD COURTS AS A CONSULTANT**

Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") for the estate (the "Estates") of the above-captioned debtors (the "Debtors"), hereby applies to this Court for entry of an order authorizing the Trustee to retain and compensate Todd Courts ("Courts") as a consultant to perform certain discrete tasks for the Estates pursuant to 11 U.S.C. §§ 105(a) and 363(b), and granting related relief. In support of the Application, the Trustee respectfully represents:

**Jurisdiction**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

4. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, the Trustee consents to the entry of a final order with respect to this

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): ProAir Holdco, LLC (22-11194-LSS), ProAir Intermediate Holdco, LLC (22-11195-LSS), ProAir LLC (22-11196-LSS), American Cooling Technology, LLC (22-11197-LSS), Bus Air, LLC (22-11198-LSS), Evans Tempcon Delaware, LLC (22-11199-LSS).

LEGAL\61590619\3 0917701/00564477

Application if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## Background

5. On November 16, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

6. On the Petition Date, Jeoffrey L. Burtch was appointed as interim trustee of the Estates pursuant to Section 701 of the Bankruptcy Code. The meeting of creditors was held and concluded on December 28, 2022, and the Trustee now serves as trustee pursuant to 11 U.S.C. § 702(d).

## Relief Requested

7. By this Application, the Trustee requests entry of an order, substantially in the form attached hereto, authorizing the retention and compensation of Todd Courts, the Debtors' former chief financial officer, as a consultant to the Estates for the limited purposes discussed herein.

8. The Trustee requested that Courts commence performing services on February 16, 2023[2], and hereby requests that Courts' retention be authorized as of such date.

## The Retention of Courts

9. The Trustee seeks authorization to retain Courts as a consultant to provide discrete and limited services. Specifically, the Trustee intends to seek Courts' assistance with the evaluation of potential causes of action, the reconciliation of certain claims filed against the Estates, marshaling any remaining assets, and the preparation of tax returns.

---

[2] Courts was engaged by Berkshire Bank, one of the Debtors' secured creditors, through February 15, 2023 to assist with the liquidation of Berkshire's collateral. During the course of Courts' engagement by Berkshire Bank, he assisted the Trustee with various matters, including the sale that was approved by this Court, without charging the Estates for this assistance.

10. The Trustee believes that the retention of Courts as a consultant in these cases is in the best interests of the Estates and their creditors. The Trustee further believes that Courts is well-qualified to perform the services required by the Trustee on behalf of the Estates.

## Scope of Services

11. The Trustee currently seeks to retain Courts, subject to Court approval, as follows (hereinafter referred to as the "Discrete Tasks"):

    A. To assist the Trustee and his counsel in providing historical information and insights regarding the Debtors' business to facilitate the administration of this case;

    B. To assist the Trustee in the identification, marshalling and sale of assets of the Estates;

    C. To assist the Trustee with respect to potential prosecution of estate causes of action; and

    D. To assist in reviewing and evaluating claims against the Estates;

    E. To support other administrative and ministerial services that the Trustee may require in winding up the Estates.

## Compensation

12. If the Court approves the relief requested herein, Courts will be retained to provide the Estates with the Discrete Tasks pursuant to Section 363(b) of the Bankruptcy Code. Because Courts is not being retained as a professional under Section 327, he will not be required to submit fee applications pursuant to Sections 330 and 331. Instead, Courts will file with the Trustee an invoice with detailed time entries for services performed and receipts for any actual out of pocket expenses, no more often than once per month.

13. Courts has agreed to a rate of $150 per hour. Courts' out of pocket expenses (including transportation, lodging, meals, communications, supplies, copying, etc.) will be billed at the actual amounts incurred. Travel time during which no work is performed shall be itemized

separately and billed at fifty percent (50%) of the aforementioned hourly rate.

14. Given the limited services that Courts is to perform under this engagement, Courts' commitment to the variable level of time and effort necessary to perform the Discrete Tasks, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in bankruptcy proceedings, the Trustee submits that the fee arrangement set forth herein is reasonable.

**Basis for Relief Requested**

15. The Trustee seeks approval of Courts' retention pursuant to Section 363 of the Bankruptcy Code. Section 363(b)(1) provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, pursuant to Section 105(a), the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. The Trustee's use of assets pursuant to Section 363(b) is evaluated on a reasonable exercise of business judgment standard. The Trustee proffers that Courts' retention is a sound exercise of his business judgment. Courts has significant background knowledge with respect to the Estates' assets to complete the Discrete Tasks. Indeed, Courts' familiarity with the Debtors' business should minimize the time (and expense) necessary to complete such tasks.

17. Based upon the foregoing, the Trustee submits that Courts' retention and compensation on the terms set forth herein is reasonable, appropriate and in the best interests of the Estates and their creditors.

## Notice

18.     Notice of this Application has been provided to: (i) Debtors' counsel; (ii) the United States Trustee; (iii) Courts; and (iv) all parties in interest having requested notice pursuant to Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, Jeoffrey L. Burtch, the Chapter 7 Trustee, respectfully requests that this Court enter the proposed Order attached hereto: (i) authorizing the retention and compensation of Todd Courts as a consultant to the Estates; and (ii) granting such other and further relief as is just and proper.

Dated: February 21, 2023

*/s/ Gregory F. Fischer*
Mark E. Felger (DE No. 3919)
Gregory F. Fischer (DE No. 5269)
Cozen O'Connor
1201 N. Market Street, Suite 1001
Wilmington, DE 19801-1147
Telephone (302) 295-2000
Facsimile (302) 295-2013
mfelger@cozen.com
gfischer@cozen.com

*Counsel to the Chapter 7 Trustee*