# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ProAir Holdco, LLC, et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-11194 -LSS<br><br>**RE: Docket No.** |

**ORDER GRANTING TRUSTEE'S FIRST OMNIBUS MOTION
FOR AN ORDER APPROVING SETTLEMENTS OF CERTAIN
AVOIDANCE CLAIMS PURSUANT TO FED. R. BANKR. P. 9019**

Upon consideration of the Trustee's First Omnibus Motion for an Order Pursuant to Fed. R. Bankr. P. 9019 Approving Settlements of Certain Avoidance Claims between Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Estates" of the "Debtors"), on the one hand, and certain Settling Parties on the other hand (the "Motion")[2] the Bankruptcy Court being satisfied that the Settlements are fair and equitable settlements which meet or exceed the required range of reasonableness; the relief requested in the Motion appearing to be in the best interests of the Estates and the Debtors' creditors; sufficient notice of the Motion and opportunity for a hearing having been given; and upon due deliberation,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. Notice of the Motion given to the Service Parties, as provided in the Motion, is adequate, sufficient and satisfies the required notice to be provided of the Motion.

3. The Settlements identified on Exhibit "A" to the Motion are **APPROVED**.

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses**):** ProAir Holdco, LLC (22-11194-LSS), ProAir Intermediate Holdco, LLC (22-11195-LSS), ProAir LLC (22-11196-LSS), American Cooling Technology, LLC (22-11197-LSS), Bus Air, LLC (22-11198-LSS), Evans Tempcon Delaware, LLC (22-11199-LSS).

[2] Capitalized terms shall have the same meaning ascribed in the Motion unless otherwise defined herein.

4. The Trustee is authorized to take any and all actions as may be necessary or appropriate to implement the terms and provisions of the Settlements with the Settling Parties, including but not limited to execution of settlement agreements with the Settling Parties.

5. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation and/or enforcement of the Settlements and/or this Order.

|  | EXHIBIT "A" |
|---|---|
| IN RE: | ProAir Holdco, LLC, *et al.*[1] |
| CASE NO. | CASE NO. 22-11194 -LSS |
| SUBJECT: | OMNIBUS PREFERENCE SETTLEMENTS |

| SETTLING PARTY | TRANSFER AMOUNT | SETTLEMENT AMOUNT |
|---|---|---|
| **INDAK Manufacturing CO** | $41,084.64 | $36,976.18 |
| **Mortex Products, Inc** | $65,183.92 | $65,126.11 |
| **OSLO SWITCH INC./CW Industries** | $8,488.70 | $4,000.00 |
| **Say Plastic** | $17,451.00 | $15,705.90 |
| **SPX Flow US, LLC** | $30,000.00 | $22,608.00 |

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses**):** ProAir Holdco, LLC (22-11194-LSS), ProAir Intermediate Holdco, LLC (22-11195-LSS), ProAir LLC (22-11196-LSS), American Cooling Technology, LLC (22-11197-LSS), Bus Air, LLC (22-11198-LSS), Evans Tempcon Delaware, LLC (22-11199-LSS).