# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ProAir Holdco, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-11194 -LSS<br><br>**Objection deadline: May 15, 2025 at 4:00 p.m. ET**<br>**Hearing date: May 22, 2025 at 11:15 a.m. ET** |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF PROAIR HOLDCO, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>BurgaFlex North America, LLC,<br><br>Julian Electrical Service and Engineering, Inc.,<br><br>Metal Work Specialties, Ltd.,<br><br>Omega Acquisitions Corp.<br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br>Adv. Pro. No. 24-50224-LSS<br><br>Adv. Pro. No. 24-50166-LSS<br><br>Adv. Pro. No. 24-50164-LSS<br><br>Adv. Pro. No. 24-50165-LSS |

## TRUSTEE'S FOURTH OMNIBUS MOTION
## FOR AN ORDER APPROVING SETTLEMENTS OF
## CERTAIN AVOIDANCE CLAIMS PURSUANT TO FED. R. BANKR. P. 9019

Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Estates" or the "Debtors") files this omnibus motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.* (the "Bankruptcy

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses**)**: ProAir Holdco, LLC (22-11194-LSS), ProAir Intermediate Holdco, LLC (22-11195-LSS), ProAir LLC (22-11196-LSS), American Cooling Technology, LLC (22-11197-LSS), Bus Air, LLC (22-11198-LSS), Evans Tempcon Delaware, LLC (22-11199-LSS).

Code")), seeking an order approving settlements of certain avoidance claims (collectively, the "Settlements") with the parties identified in **Exhibit A** to the attached proposed order (the "Settling Parties"), and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Settlements. In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

3. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, the Trustee consents to the entry of a final order with respect to this Application if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## BACKGROUND

4. On November 16, 2022 (the "Petition Date"), the Debtors filed petitions under chapter 7 the Bankruptcy Code, thereby commencing the above-captioned cases (the "Chapter 7 Cases").

5. On or about the Petition Date, the Trustee was appointed interim trustee in the Chapter 7 Cases. The meeting of creditors was held and concluded on December 28, 2022, and the Trustee now serves as trustee pursuant to section 702(d) of the Bankruptcy Code.

6. The Trustee, together with his counsel, has investigated the Estates' potential causes of action, including those under chapter 5 of the Bankruptcy Code.

7. Based on a review of available books and records, the Trustee identified a number of transfers of funds or other property from the Debtors in the 90 days preceding the commencement of the Bankruptcy Cases that were potentially avoidable pursuant to section 547 of the Bankruptcy Code and recoverable pursuant to section 550 of the Bankruptcy Code (the "Transfers").

8. As part of the due diligence regarding the Transfers, the Trustee asked the recipients of the Transfers (the "Transfer Recipients") for information about any defenses that might be asserted in any action to avoid the Transfers.

9. The initial request for information related to potential defenses included an offer to settle the claims against the relevant Transfer Recipient for an amount equal to the amount of the Transfers less a ten percent (10%) discount. In subsequent communications, the Trustee proposed various other terms for the settlement of claims against the Transfer Recipients (together with the initial offer, the "Settlement Proposals").

10. Subsequently, on October 16, 2024 and November 14, 2024, respectively, the Trustee commenced sixteen (16) and six (6) adversary proceedings against certain Transfer Recipients by filing complaints to avoid and recover Transfers (the "Adversary Proceedings" and, together with the claims related to the Settlement Proposals, the "Avoidance Matters").

11. Certain of the Transfer Recipients have denied liability with respect to the Transfers, and have asserted various defenses to the Estates' claims, including but not limited to: (i) ordinary course of business defenses; (ii) subsequent new value defenses; and/or (iii) contemporaneous exchange for new value defenses. Accordingly, some of the Transfer Recipients,

3

including the Settling Parties, have alleged that they have a complete or partial defense to the Estates' claims related to the Transfers.

12. After considering defenses asserted by the Settling Parties, and the costs and risks associated with litigation, and after arms-length negotiations, subject to approval by the Bankruptcy Court, the Trustee and the Settling Parties have agreed to settlement of four Avoidance Matters (the "Settled Matters").

13. **Exhibit A** to the attached proposed order is a list of the Settling Parties, the total Transfers potentially recoverable from each, and the consideration to the Trustee (the "Settlement Amounts") with respect to the Settled Matters.

## RELIEF REQUESTED

14. By this Motion, the Trustee respectfully seeks an order of this Bankruptcy Court approving the Settlements identified in **Exhibit A** to the attached proposed order and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the Settlements.

## BASIS FOR RELIEF REQUESTED

15. This Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Under Rule 9019, bankruptcy courts have authority to approve settlements of claims and controversies after notice and a hearing.[2] Courts uniformly recognize the benefits of settlements of disputes that might otherwise be decided through litigation.

---

[2] Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

*See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) ("[T]o minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'") (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). Approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

16. Before approving a settlement under Rule 9019(a), a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

   A. The probability of success in the litigation;

   B. The complexity, expense and likely duration of the litigation;

   C. The possibilities of collecting on any judgment which might be obtained;

   D. All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

   E. Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968); *see also Martin*, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. A bankruptcy court is not required to hold a full evidentiary hearing before a compromise can be approved, but should instead "canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on Bankruptcy at ¶ 9019.2, 9019-4, *quoting In re Drexel Lambert Grp., Inc.*, 134 B.R. 493

(Bankr. S.D.N.Y. 1991). *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

17. The Settlements and the proposed compromises embodied therein meet all of the above criteria. Without the Settlements, the Estates would face time-consuming and expensive litigation, including but not limited to one or more of the following: (i) proving the *prima facie* elements of the claims against the Settling Parties; and/or (ii) seeking the avoidance and recovery of the Transfers identified on **Exhibit A** to the attached proposed order from the Settling Parties through the Adversary Proceedings

18. Moreover, if the Settled Matters were further litigated, the Settling Parties may be able to prove that none or nearly none of the Transfers sought to be recovered from the Settling Parties are avoidable and/or recoverable by the Estate as a result of the Settling Parties' alleged defenses. In such circumstances, the Trustee may recover substantially less for the Estate than the Settlement Amounts, particularly after considering the additional costs associated with continuing to litigate these Settled Matters.

19. Finally, in making the decision to enter into the Settlements, the Trustee has considered, among other factors: (i) the expenses that the Estates would incur in prosecuting the Settled Matters; (ii) the probability of success in prosecuting the Settled Matters in light of the Settling Parties asserted defenses; (iii) the uncertainty of success in collecting on any judgments obtained against the Settling Parties; (iv) the need and benefit of resolving litigation in an expeditious manner; (v) the fact that the Settlement Amounts represent substantial recoveries for the Estates; and (vi) that an adverse decision in one proceeding could impair the value to remaining actions in light of the similarity of the facts and issues in dispute.

20. Based on the foregoing, the Trustee respectfully submits that the Settlements are fair and equitable, are well within the required range of reasonableness, and should be approved by the Bankruptcy Court as being in the best interests of the Estates and their creditors.

21. Notice of this Motion has been given to: (a) counsel for the Debtors; (b) the United States Trustee; (c) the Settling Parties or their counsel, if known; and (d) all parties in interest having requested notice to date pursuant to Bankruptcy Rule 2002 (the "Service Parties"). In light of the nature of the relief requested herein, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto: (i) approving the Settlements identified on **Exhibit A** to the proposed order; (ii) authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Settlements; (iii) providing that the Bankruptcy Court retain jurisdiction to enforce the Settlements; and (iv) granting such other and further relief as is just and appropriate.

Dated: May 1, 2025

**COZEN O'CONNOR**

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
mfelger@cozen.com
gfischer@cozen.com

*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*