**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>ProAir Holdco, LLC, *et al.*,[1]<br>Debtors. | Chapter 7<br>Case No. 22-11194 -LSS<br>(Jointly Administered)<br>**Objection Deadline: August 17, 2026 at 4:00 p.m.**<br>**Hearing Date: September 10, 2026 at 10:15 a.m.** |

**TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT**

Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Estates" or the "Debtors") files this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code")), seeking an order approving the settlement of certain claims (the "Settlement"), and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Settlement. In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses)**:** ProAir Holdco, LLC (22-11194-LSS), ProAir Intermediate Holdco, LLC (22-11195-LSS), ProAir LLC (22-11196-LSS), American Cooling Technology, LLC (22-11197-LSS), Bus Air, LLC (22-11198-LSS), Evans Tempcon Delaware, LLC (22-11199-LSS).

3. Pursuant to Rule 9013-l(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Trustee consents to the entry of a final order with respect to this Application if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## BACKGROUND

4. On November 16, 2022 (the "Petition Date"), the Debtors filed petitions under chapter 7 the Bankruptcy Code, thereby commencing the above-captioned cases (the "Chapter 7 Cases").

5. On or about the Petition Date, the Trustee was appointed interim trustee in the Chapter 7 Cases. The meeting of creditors was held and concluded on December 28, 2022, and the Trustee now serves as trustee pursuant to section 702(d) of the Bankruptcy Code.

6. Prior to the Petition Date, on July 10, 2019, Debtor Bus Air, LLC ("Bus Air") filed an action against Anthony R. Woods ("Woods") and E3 Rivers, LLC f/k/a Bus Air Manufacturing, LLC ("E3"), captioned *Bus Air, LLC v. Anthony R. Woods and E3 Rivers, LLC f/k/a Bus Air Manufacturing, LLC*, C.A. No. 2019-0532-JRS, in the Court of Chancery of the State of Delaware (the "Chancery Case"), asserting claims related to an Asset Purchase Agreement between Bus Air and E3 dated September 25, 2017 including claims for breach of contract, breach of restrictive covenants, indemnification, and injunctive relief (the "Bus Air Claims").

7. On July 31, 2019, the Chancery Case was removed to the United States District Court for the District of Delaware and assigned case number 19-01435-WCB-CJB (the "District Court Case"). Within the District Court Case, E3 has asserted claims against Bus Air for breach of contract, implied covenant of good faith and fair dealing, indemnification, and declaratory relief (the "E3 Counterclaims").

8. Since the Petition Date, the District Court Case has been stayed pending the Chapter 7 Cases. Thereafter, on April 10, 2023, E3 Rivers, LLC filed the following proofs of claim (the "E3 Proofs of Claim") against the referenced Debtor's bankruptcy estates on the basis of the E3 Counterclaims:

| **Debtor** | **Case No.** | **Claim No.** | **Amount** |
|---|---|---|---|
| Bus Air, LLC | 22-11198 | 10 | $2,500,000 |
| ProAir, LLC | 22-11196 | 153 | $2,500,000 |
| ProAir Holdings, LLC | 22-11194 | 4 | $2,500,000 |

9. The Trustee has subsequently analyzed the Bus Air Claims and the E3 Counterclaims in light of the Chapter 7 Cases. Ultimately, after considering the claims asserted in the District Court Case, and the costs and risks associated with continued litigation, and after arms-length negotiations, subject to approval by the Bankruptcy Court, the Trustee, Woods and E3 have negotiated the aforementioned Settlement of all claims between the Estates, Woods and E3 as memorialized in the Settlement Agreement attached hereto as Exhibit "A".

**RELIEF REQUESTED**

10. By this Motion, the Trustee respectfully seeks the entry of an order of this Bankruptcy Court approving the Settlement and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the Settlement.

**BASIS FOR RELIEF REQUESTED**

11. This Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Under Rule 9019, bankruptcy courts have authority to

approve settlements of claims and controversies after notice and a hearing.[2] Courts uniformly recognize the benefits of settlements of disputes that might otherwise be decided through litigation. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) ("[T]o minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'") (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). Approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

12. Before approving a settlement under Rule 9019(a), a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

A. The probability of success in the litigation;

B. The complexity, expense and likely duration of the litigation;

C. The possibilities of collecting on any judgment which might be obtained;

D. All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

E. Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968); *see also Martin*, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards

---

[2] Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. A bankruptcy court is not required to hold a full evidentiary hearing before a compromise can be approved, but should instead "canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on Bankruptcy at ¶ 9019.2, 9019-4, *quoting In re Drexel Lambert Grp., Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991). *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

13. The Settlement and the proposed compromise embodied therein meets all of the above criteria. Primarily, the Settlement facilitates the waiver of $2,500,000.00 in claims against the Estates while preserving estate resources through the cessation of costly litigation with limited to no upside for the Estates. Without the Settlement, the Estates would face time-consuming and expensive litigation, including but not limited to one or more of the following: (i) proving the *prima facie* elements of the Bus Air Claims; and/or (ii) asserting the Estates' defenses to the E3 Counterclaims.

14. Additionally, in making the decision to enter into the Settlement, the Trustee has considered, among other factors: (i) the expense that the Estates would incur in litigating the Bus Air Claims and defending against the E3 Counterclaims, including the probability of success therein; (ii) the uncertainty of success and cost associated with collecting on any judgments obtained against E3; (iii) the need and benefit of resolving litigation in an expeditious manner; and (iv) the fact that the Settlement represents an economically efficient conclusion of the underlying litigation while preserving the Estates' limited resources for distribution to creditors.

15. Based on the foregoing, the Trustee respectfully submits that the Settlement is fair and equitable, is well within the required range of reasonableness, and should be approved by the Bankruptcy Court as being in the best interests of the Estates and their creditors.

16. Notice of this Motion has been given to: (a) counsel for the Debtors; (b) the United States Trustee; (c) E3's counsel; and (d) all parties in interest having requested notice to date pursuant to Bankruptcy Rule 2002 (the "Service Parties"). In light of the nature of the relief requested herein, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto: (i) approving the Settlement; (ii) authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Settlement; (iii) providing that the Bankruptcy Court retain jurisdiction to enforce the Settlement; and (iv) granting such other and further relief as is just and appropriate.

Dated: July 28, 2026

**COZEN O'CONNOR**

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
mfelger@cozen.com
gfischer@cozen.com

*Counsel to Jeoffrey L. Burtch,*
*Chapter 7 Trustee*